SAM FAGAN *v.* THE STATE.

1. NEW TRIAL. — It is not cause for new trial that the accused, shortly before the trial, approached the prosecuting witness and elicited from him a statement of what he would testify, and that, relying on such statement, accused went to trial instead of continuing his case for designated absent witnesses who would prove certain facts material to his defense; whereas, the prosecuting witness, at the trial of the case, testified differently from the statement so made by him to the accused.

2. SAME. — A defendant has no right to rely upon the witness of the state to establish his defense.

APPEAL from the District Court of Hardin. Tried below before the Hon. H. C. PEDIGO.

The indictment and conviction were for assault with intent to murder. The verdict allowed the appellant two years' service in the penitentiary.

So much of the showing for a new trial as was based on the ground of surprise is outlined in the first head-note.

*W. P. Hamblin*, for the appellant.

*W. B. Dunham*, for the State.

WINKLER, J.   One of the grounds set out in the motion for a new trial is that shortly before the trial the accused had a conversation with the prosecuting witness, relative to what he would testify on the trial of the case, and was informed by the witness as to what his testimony would be, and that on the trial the witness testified differently from what he had previously stated.

This cannot be treated as good ground for granting a new trial.   The witness was under no obligation to disclose what his testimony would be on the trial, nor could he know what might be drawn out of him on cross-examination. Further, the accused had no right to rely upon the state's witness for evidence upon which he might be acquitted. Besides, there were several other witnesses present at the difficulty, and who testified in the case.

There was some apparent conflict in the testimony, but this matter was submitted to the jury under proper instructions, and, the jury having decided to give credit to one in preference to another, this court has no authority to disturb the verdict on this account, there being an abundance of evidence to support it.   No sufficient error in the judgment is perceived as would warrant a reversal.

*Affirmed.*